BOND *v.* DUKATE ET AL.

[79 South. 86, Division A.]

1. WILLS. *Sufficiency. Validity. Provisions.*

Where a will bequeathed all the testator's property to his wife for the benefit of herself and children in the manner understood between herself and the testator, in such case the will bequeathed the property to her, either in fee simple or in trust, and vested title in her either absolutely or as trustee, and in either case the will was valid.

2. TRUST. *Resulting trust. Invalidity of testamentary trust.*

If in such case the title vested in the wife as trustee, and the trust be inoperative, a trust would result in favor of all of the testator's heirs under the will.

3. WILLS. *Testamentary trust. Invalidity.*

Where an intention to create a testamentary trust was not carried out by sufficiently indicating the beneficiaries, the trustee holds the property for those on whom the law in the absence of disposition casts it, and the gift takes effect as to the legal interest, but fails as to the beneficial interest.

APPEAL from the chancery court of Harrison county. HON. W. M. DENNY, JR., Chancellor.

Bill by Mrs. Vera Bond against Mrs. Linda R. Dukate and others, to have the will of W. K. M. Dukate declared void, and his intestacy declared.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

*R. H. & J. H. Thompson* and *White & Ford,* for appellees.

SYKES, J., delivered the opinion of the court.

Mrs. Vera Bond filed a bill in the chancery court of Harrison county against the appellees, in which she alleged, in substance: That she (the appellant) is the daughter of the late W. K. M. Dukate, and that the respondent Mrs. Linda R. Dukate is his widow and the other appellees are also his children. That at the time of the death of the said W. K. M. Dukate he left what purported to be a last will and testament. That, as a matter of fact, he died intestate, because the alleged will is null and void. That Mrs. Dukate had filed this will for probate in common form and had been appointed administratrix of it, and as administratrix Mrs. Dukate also claims to be the sole legatee and devisee. That the said W. K. M. Dukate left an estate consisting of real, personal, and mixed property of the value of about seven hundred thousand dollars. That the administratrix has collected the property and claims that she is the sole distributee of the estate; also, that she claims to be the sole legatee and devisee under the will. That she has filed her final account as administratrix, which was approved by the court, and she and her bondsmen have been discharged. That the instrument purporting to be the last will and testament of the said Dukate is null and void and shows on its face that it was never the intention of the testator that his wife should be the sole legatee and devisee under the law. That the following language in said null and void will, to wit, "to be used and disposed of by her for the benefit of herself and our children in the manner which is understood by herself and me, being sure that she

will carry out my wishes in reference to the property hereby bequeathed," shows that it was never the intention of the testator that his wife should have all of the property as sole legatee and devisee, but the aforesaid language clearly shows that she takes said property as a trustee for herself and her children. That said language shows unmistakably and unquestionably that the said property was left in trust by said testator, by said attempted will, but that said trust, on account of its indefiniteness, must fail, and said attempted will, on account of it being a trust and the trust so indefinitely stated, must be declared null and void, and said estate be left to be disposed of as though no will had been attempted to be made. That for this reason the will is null and void, and that said Dukate died intestate; and that complainant is entitled to a one-sixth interest in the estate of her father.

The relief asked for in this bill is:

That the will be declared "null and void and of no effect; and that the complainant be adjudged to own a one-sixth interest in the estate of the late W. K. M. Dukate; and, if mistaken in the relief herein sought, complainant prays for such other, further and general relief as, in equity and good conscience, she may be entitled to receive."

A number of exhibits were filed to this bill, one of which was the will, and others relating to the administration of the estate by the administratrix. Separate demurrers to this bill were filed, one by Mrs. Linda R. Dukate and one by the other defendants. The second ground in each of these demurrers as as follows:

"The bill shows that W. K. M. Dukate died testate and that the instrument, Exhibit A, is a valid and legal will."

This demurrer was sustained in the lower court, and an appeal from that decree is here prosecuted. The will in question reads as follows:

"Biloxi, Miss., March 26, 1912.

"This is my will.

"I give and bequeath to my beloved wife Linda R. Dukate all the property real, personal and mixed of which I may die possessed, to be used and disposed of by her for the benefit of herself and our children in the manner which is understood by herself and me, being sure that she will carry out my wishes in reference to the property hereby bequeathed.

"WILLIAM K. M. DUKATE."

The bill of the appellant in this case is framed solely and alone upon the idea that the will of the late Mr. Dukate is absolutely null and void, and that his property descends to his heirs under our statutes of "descent and distribution." In short, that he died intestate. The only question, therefore, for determinination, is whether or not the above is a valid will. We are not called upon to construe this will. In considering this appeal it makes no difference whether this will devises and bequeaths to Mrs. Dukate absolutely all of the property of the testator, or whether this property is beqeathed and devised to her in trust.

After a careful examination of the exhaustive briefs of counsel on both sides and the authorities cited by them, we are of the opinion that the testator devised and bequeathed this property to his wife, either absolutely in fee simple, or in trust for the benefit of herself and their children. In either event the will is valid and vests the title to the property in Mrs. Dukate, either absolutely or as a trustee. If as a trustee, and the trust be inoperative, a trust would result in favor of all of Mrs. Dukate's heirs under the will. These heirs, however, would have to claim under the will. The will disposes of the legal title to all of the property of the testator.

Without reviewing the authorities cited by counsel, it .is sufficient upon the last question to say that the rule is correctly stated in 1 Jarman on Wills (6 Ed.), p. 481, as follows:

"Sometimes a testator distinctly shows an intention to create a trust but does not go on to denote with sufficient clearness who are to be . its objects; the effect of which obviously is that the devisees or legatees in trust (whom we suppose to be distinctly pointed out) hold the property for the benefit of the person or persons on whom the law, in the absence of disposition, casts it; in other words, the gift takes effect as to the legal interests but fails as to the beneficial interests."

*Affirmed.*